*Decision will be entered under Rule 50.*

PITTSBURGH STEEL FOUNDRY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105752. Promulgated June 25, 1942.

*W. W. Stoner, Esq.*, for the petitioner.
*Orris Bennett, Esq.*, for the respondent.

OPINION.

DISNEY: The subject of this proceeding is income tax for the calendar years 1936 and 1937. Deficiencies were determined in the respective amounts of $39,188.61 and $42,393.51. The question for solution is whether the petitioner is entitled to credit because of contracts restricting payment of dividends within the intendment of section 26 (c) (1) of the Revenue Act of 1936. All facts have been stipulated and we find them as so stipulated. We shall hereinafter state only such facts as are necessary to consideration of the issue at hand. The income tax returns for the taxable years were filed by the petitioner in the twenty-third collection district of Pennsylvania.

The Commissioner determined in the deficiency notice that no credit could be allowed in computing surtax on undistributed profits by reason of alleged contracts dealing with the payment of dividends. It is the burden of the petitioner to show error in such determination. The petitioner seeks to do so by citing the decision in *Lehigh Structural Steel Co.* v. *Commissioner*, 127 Fed. (2d) 67, to the effect that a stock certificate may constitute a contract restricting payment of dividends within the intent of section 26 (c) (1) of the Revenue Act

of 1936,[1] and by attempting to show wherein the stock certificates issued by the petitioner constituted such contracts; also by reliance upon the provisions of a mortgage given to the Union Trust Co. We assume herein, without so deciding, that under the decision in the *Lehigh Structural Steel Co.* case, *supra*, a stock certificate may constitute a contract under section 26 (c) (1); for we have concluded, upon examination of the stock certificates here involved, that they do not contain such restrictive provisions as are within the purview of the section; and that the mortgage provision likewise does not come within the ambit of the act.

First, as to the provision of the mortgage: It reads as follows:

Section 11. The Corporation shall not pass any vote nor do any act tending, directly or indirectly, to lessen or impair the value of the property hereby mortgaged or intended so to be, or the security of these presents; and it will prevent its officers, employees, and agents from passing any such vote, and from doing any such act, in so far as it may have power so to do.

We consider it so clear that such provision does not satisfy section 26 (c) (1) that we do not give it lengthy discussion; for that section requires a provision which "expressly deals with the payment of dividends." There is nothing whatever *express* as to dividends in the language quoted above from the mortgage. Patently Congress by the phrase "expressly deals" particularly intended to eliminate contractual provisions so completely general as the above; therefore we eliminate it at once, as not satisfying the statute, and pass to consideration of the provisions of the stock certificates, relied upon as complying with section 26 (c) (1).

The provisions in question were contained in certificates evidencing both preferred and common stock, and in pertinent part provide that holders of preferred stock shall receive "from the surplus or net profits of the Corporation" dividends at the rate of 5 percent, to accrue from April 1, 1925, such dividends to be cumulative, and to be paid (or money set apart for payment thereof) before any dividend on any of the stock shall be paid (or money set apart for payment thereof); also that

The holders of the Preferred Stock shall not be entitled to receive any dividend or share of profits beyond five per centum (5%) per annum, payable only

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\* \* \* \* \* \* \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

in cash whether or not dividends on other stock be payable in cash, stock, or property, nor shall said holders have any preemptive right to subscribe for or purchase any new issue of stock of any class now or hereafter authorized or issued.

Briefly stated, petitioner's position is, first, as to preferred stock, this: that under the pertinent language in the preferred stock certificates dividends upon preferred stock could not be paid except in cash, that under the law of Pennsylvania dividends could be paid only from surplus, that there was no surplus, for certain reasons set forth, and that therefore no dividends on preferred stock could be paid, the statute was satisfied, and the credit was due the petitioner.

The error in petitioner's argument, in our opinion, is that it does not rely on the stock certificate provisions *alone* to restrict the payment of dividends, but, perforce, relies on them together with the *state statute*. That this is clearly the position of the petitioner is emphasized by its brief, where stating its view on this point, it says:

\* \* \* Our principal contention is as follows:

(a) That under the provisions of the preferred and common stock certificates, the Act of Assembly of the Commonwealth of Pennsylvania approved May 5, 1933, \* \* \* and Section 26 (c) (1) of the Revenue Act of 1936 \* \* \* the petitioner was entitled to credit \* \* \*.

Again, it is stated what the position is, and the first item discussed thereunder is the state statute, which is quoted at length, to the effect that dividends may be paid only out of surplus, and including in liabilities the amount of stated capital after deducting from the aggregate of assets the amount by which such aggregate was increased by unrealized appreciation in value or revaluation of fixed assets; and the petitioner contends, in that connection, that in fact there was such upward revision of the value of assets, at the time petitioner took them over from its predecessor, and that such amount, $592,923.55, is shown in petitioner's capital surplus in both taxable years, so that if the state statute had been followed and such unrealized appreciation deducted there would have been impairment of capital and no surplus. But if we assume all such facts, it still remains obvious that under the petitioner's argument the only effect of the preferred *stock certificate provisions* was to prohibit dividends other than in *cash*, for, had it not been for the state statute requiring dividends to be from surplus, taking into consideration the particular statutory provision as to deduction of unrealized appreciation, they might have been paid in cash from surplus existing if such statute had not existed. Plainly, then, the preferred stock certificates did not contravene section 26 (c) (1), for dividends on preferred stock could have been paid "without violating a provision" thereof. The state statute is not the contract contemplated. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46; *Crane-Johnson Co.* v. *Helvering*, 311 U. S. 54; *Belle-Vue Manufacturing Co.*, 43 B. T. A. 12. We hold that in the above respect

the petitioner's view is in error, and that credit under section 26 (c) (1) was properly denied to the extent necessary to pay dividends upon preferred stock.

As an alternate contention, however, the petitioner urges that even if payment of dividends on preferred stock was possible under the statute, yet after deduction from undistributed net income of an amount sufficient to pay the preferred stock dividends, the remainder comes within the ambit of section 26 (c) (1). Petitioner relies upon the following language appearing on certificates for both preferred and common stock:

Whenever all cumulative dividends on the Preferred Stock previously payable shall have been paid and moneys for the dividend on the Preferred Stock next becoming payable shall have been set apart for the payment thereof and all the aforesaid quarter-yearly sums of $12,500 have been set apart at the appointed times, the Board of Directors may declare dividends on the Corporation's Common Stock without nominal or par value (hereinafter referred to as the "Common Stock"), payable then or thereafter, out of the remaining surplus or net profits; provided, however, that no dividends shall be declared or paid upon the Common Stock (1) except out of current earnings of the Corporation or its predecessor accumulated subsequent to January 1, 1925, or, (2) unless the current assets of the Corporation amount to at least four times its current liabilities, or, (3) when such dividend would have the effect of reducing the current assets of the Corporation to an amount less than four times its current liabilities; the term "current assets" to be understood to mean cash, good accounts receivable, and inventory at cost or market price, whichever is lower, and the term "current liabilities" to be understood to mean taxes, accounts, notes, and bills payable (but not the Corporation's First Mortgage Six Per Cent. Sinking Fund Gold Bonds, dated April 1, 1925).

The petitioner construes the above language to mean that under the contract contained in the stock certificates dividends upon common stock are expressly prohibited for "any one and all" of the following reasons:

(a) Unless and until all cumulative dividends on the preferred stock previously payable shall have been paid and moneys for the dividends on the preferred stock next becoming payable shall have been set apart for the payment thereof.

(b) Except out of the remaining surplus or net profits of the corporation after payment of dividends on the preferred stock and the setting apart of money for the then next payment as set forth in (a) above.

(c) Except out of current earnings of the corporation or its predecessor accumulated subsequent to January 1, 1925.

(d) Unless the current assets of the corporation amount to at least four times its current liabilities.

(e) When the payment of such dividend would have the effect of reducing the current assets of the corporation to an amount less than four times its current liabilities.

The petitioner points out that such conditions did not all exist.

The respondent, on the contrary, argues that each of the above provisions as set forth on the stock certificate is in the *disjunctive,*

184

separated from the others by "or" and that the petitioner seeks to change "or" into "and", making this provision conjunctive, contrary to the express language of the certificates. In other words, respondent in effect says that the statute in substance provides merely that no dividends on common stock shall be declared or paid unless (1) there are sufficient earnings accumulated since January 1, 1925, *or* (2) current assets and liabilities were at all times maintained at a ratio of four to one, and that if either condition obtained dividends could have been paid. Petitioner upon reply brief says: "Our contention is that subdivisions (1), (2), and (3) above [referring to the statute last above quoted] all modify the phrase that 'no dividend shall be declared or paid upon the common stock' and make the whole mean that none can be paid unless they can be paid without the violation of *any one* of the three conditions." (Italics supplied.)

After study of the statutory expression, we come to the conclusion that "or" is used in the usual, disjunctive, sense, and that the intent expressed on the stock certificates was that dividends might be paid either if there were current earnings of the petitioner or its predecessor, accumulated subsequent to January 1, 1925, or in case the ratio of four to one existed between current assets and liabilities. Had the intent been otherwise it could have been simply and plainly expressed as requiring all conditions to be met before dividends could issue. Rules of statutory interpretation as to common understanding of the term "or" require the above conclusion, in our opinion. It has not been shown that neither condition obtained here. We conclude that the petitioner was not entitled to credit under section 26 (c) (1) of the Revenue Act of 1936.

*Decision will be entered under Rule 50.*